IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MEDICUS INSURANCE COMPANY,

                Plaintiff,

v.                                    CIVIL ACTION NO.   3:15-6015

JOHN PELLEGRINI, D.O., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a number of motions by the parties, including: (1) Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 36); (2) Defendants Donna Dillard, Kathy Dillon, Stephanie Gilkerson, Camilla Ramsey, Erika Sturgill, Amanda Ward, and Beverly York's Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 43); (3) Defendants Drema Bailey, Rebecca Bailey, Cathy Kennedy and Barbara Wills' Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 49); (4) Defendant Misty Skinner's Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment and Memorandum of Law in Support of Motion to Dismiss Medicus Insurance Company's

Complaint for Declaratory Judgment (ECF No. 53); (5) Defendant Cheryl Bragg's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 55); (6) Defendant Caresta Click's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 57); (7) Defendant Michelle Dalton's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 59); (8) Defendant Kathy Keen's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 61); (9) Defendant Elisha Riffe's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 63); (10) Defendant Billie Jo Smith's Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 65); (11) Defendant PMP Services, LTD's Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 70); (12) Defendant Hope Clinic PLLC's Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 73); (13) Defendant Brittanny Burdette's Joinder in Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Motion to Dismiss Medicus Insurance Company's Complaint for Declaratory Judgment (ECF No. 75); and (14) Plaintiff's Motion for Entry of Default and Default Judgment against Defendant John Pellegrini, D.O. ECF No. 76.   Initially, the Court **GRANTS** the motions to join (ECF Nos. 43, 49, 53, 70, 73, and 75).[1]   In addition, for the following reasons, the Court

---

[1]Although the "Joinder" documents are not framed as motions, the Court will treat them as such for purposes of this Memorandum Opinion and Order to make it clear that the Court permits the joinder of those named Defendants to the substantive motion to dismiss filed by Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins.

**DENIES** the motions to dismiss (ECF Nos. 36, 55, 57, 59, 61, 63, and 65) and **HOLDS IN ABEYANCE** Plaintiff's Motion for Entry of Default and Default Judgment against Defendant John Pellegrini, D.O. ECF No. 76.

On March 11, 2015, the Circuit Court of Kanawha County, West Virginia, entered an Order consolidating twenty-seven similarly related civil actions. *Order Granting Defs.' Joint Mot. to Consolidate*, ECF No. 44-1.   In the actions, the plaintiffs allege, inter alia, "that they were sexually harassed and/or sexually abused by Defendant Dr. [John H.] Pelligrini, during the course of their medical examinations and treatment at the Defendant New Hope Clinic." *Id*. at 15.   Also named as defendants in the consolidated cases was PMP Services, Inc., the ERx Group, LLC, PPPFD, Inc., and the West Virginia Board of Osteopathic Medicine.   Approximately two months after the cases were consolidated in state court, Medicus Insurance Company (hereinafter Medicus) filed a Complaint for Declaratory Judgment in this Court, seeking a determination that it is not required to defend or indemnify PMP Services, Hope Clinic, and/or Dr. Pelligrini in the state court actions.   The plaintiffs in the state actions, who are named as Defendants herein, and PMP Services, LTD, then filed the aforementioned motions asking this Court to dismiss Medicus' federal action.

In this case, there is no question that complete diversity exists, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) to entertain Medicus' declaratory judgment action. *See also* 28 U.S.C. § 2201 (providing "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought").   The Fourth Circuit

has "held that a federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)[2] (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) (other quotation marks and citations omitted).   Indeed, declaratory judgment actions often are used to resolve insurance coverage disputes prior to a judgment on the underlying claim. *Id*. at 375-76.   However, merely because a federal court has jurisdiction over a declaratory judgment action regarding an insurance coverage issue, the court has discretion on whether it should exercise that jurisdiction.

As this Court found in *First Financial Insurance Co. v. Crossroads Lounge, Inc*., 140 F. Supp.2d 686 (S.D. W. Va. 2001), "[f]ederal courts are . . . afforded great latitude in determining whether to assert jurisdiction over such cases." 140 F. Supp.2d at 689 (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998); *Aetna Cas. & Sur. Co. v. IndCom Elec. Co.,* 139 F.3d 419, 422 (4th Cir. 1998) (internal quotation marks and other citations omitted)). However, "'a district court may not refuse to entertain a declaratory judgment action out of "whim or personal disinclination," [*Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 7 L.Ed.2d 604 (1962)], but may do so only for "good reason." [*Quarles*, 92 F.2d at 324].'" *Id*. at 690 (quoting *Nautilus*, 15 F.3d 371, 375 (4th Cir. 1994) (other citations omitted).

---

[2]*Overruled on other grounds*, *Wilton v. Seven Falls Co*., 515 U.S. 277 (1995) (overruling portions of *Nautilus* dealing with appellate standards of review).

In making this decision, the Fourth Circuit has set forth several criteria a court should consider.   For instance, in *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937), the Fourth Circuit directed that courts should not allow parties to use declaratory judgments "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Quarles*, 92 F.2d at 325.   In the interests of comity, efficiency, and federalism, the Fourth Circuit further stated in *Nautilus*, that the district court should weigh:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law[.]"

*Nautilus*, 15 F.3d at 377 (quoting *Mitcheson v. Harris*, 955 F.2d 235, 237-40 (4th Cir. 1992)).   In addition, the *Nautilus* court held a court should consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for *res judicata*' or 'to achiev[e] a federal hearing in a case otherwise not removable.'" *Id.* (citation omitted).

Upon review of the briefs in this case, however, the Court finds that it does not have sufficient information at this point to apply these criteria to fairly assess the pending motions to dismiss.   Specifically, in their briefs, the parties do not agree on the scope and content of the claims pending before the state court.   For instance, Medicus asserts that none of the twenty-seven individual state court complaints expressly assert a medical malpractice claim, mention the West

Virginia Medical Professional Liability (MPLA) statute, seek a declaratory judgment under the policies issued by Medicus, or name Medicus as a party. *Pl.'s Resp. in Opp'n to Defs.' Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Mot. to Dismiss Medicus Ins. Co.'s Compl. for Dec. J.*, at 4 ¶7, ECF No. 67. Thus, Medicus argues that none of the issues presented to this Court are pending in state court. *Id*. at ¶8. Additionally, Medicus asserts that it is not alleged in any of the state complaints "that Dr. Pellegrini engaged in sexual conduct under the guise or false pretense of medical necessity." *Id*. at 6 ¶17. Moreover, even if claims were directly asserted under the MPLA, Medicus insists such claims are not covered by the policy because it only covers claims of "negligent medical malpractice, not intentional medical malpractice[.]" *Id*. at 7 ¶17. It also only "covers claims for physical injury, not emotional distress, and specifically excludes coverage for any claim resulting from any unlawful, fraudulent, intentional, or criminal acts, including sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault." *Id*. Medicus argues that the resolution of whether or not there is coverage for the underlying claims under the terms of the policy is well within this Court's authority and the Court should exercise such authority to resolve the issues presented. *Id*. at 11 ¶38.

On the other hand, Defendants Bailey, Brown, Clevenger, Faulkner, Simon, and Simpkins reply that, at the same time they filed their motion to dismiss, they moved to amend their state complaints to add a declaratory judgment action under state law against Medicus. In addition, Defendants claim they each have "pled a medical malpractice cause of action under the West Virginia Medical Professional Liability statute and ha[ve] filed a certificate of merit relating to the same." *Reply to Pls.' Resp. in Opp'n of Defs. Jennifer Bailey, Stephanie Brown, Mary*

*Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Mem. in Supp. of their Mot. to Dismiss Medicus Ins. Co.'s Compl. for Dec. J.,* at 2, ECF No. 71.   Specifically, Defendants assert that they have alleged, inter alia, that Dr. Pellegrini used his position as a doctor to make sexual advances towards them; "he deviated from the applicable standard of care by prescribing medication after they exhibited signs of dependence on pain medication; and, that Hope Clinic, PMP Services, ERx, and PPPFD all knew or should have known of Dr. Pelligrini's history of at least twenty-four prior suits claiming sexual harassment and/or sexual abuse against him." *Defs.' Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Mot. to Dis. Medicus Ins. Co.'s Compl. for Dec. J.,¸* at 2 ¶¶ 1-2, ECF No. 36. Defendants argue that resolution of the declaratory judgment action will require this Court "to examine the claim for punitive damages, which torts are intentional versus negligent, and whether all claims are excluded or only certain claims are excluded." *Reply to Pls.' Resp. in Opp'n of Defs. Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins' Mem. in Supp. of their Mot. to Dismiss Medicus Ins. Co.'s Compl. for Dec. J.,* at 3. Defendants contend that it will result in a significant overlap and entanglement between the two courts, with potentially conflicting findings.

Given these conflicts, this Court finds that it cannot properly evaluate the pending motions to dismiss.  Specifically, it is unclear to the Court whether the state court granted the motions to amend and what is the status of any of the underlying claims.   Importantly, the Court also is unaware what, if any, rulings the state court has made with respect to the declaratory judgment action filed against Medicus.  Without knowing the current status of the state court proceedings, the Court **DENIES** the pending motions to dismiss and **DIRECTS** lead counsel for

the parties to confer and file a joint report with an update of the state proceedings with the Court **on or before March 25, 2016**.  The update should include the procedural posture of the state court proceedings, the upcoming scheduling deadlines, what claims remain pending before the state court, the status of the declaratory judgment action, and any other information the parties believe would be helpful for the Court to know with respect to the declaratory judgment action pending here.  If counsel disagrees as to any matter, such disagreement should be noted in the report, and counsel shall set forth their respective positions in an addendum to the report.   In the meantime, those parties who have not filed an Answer to the Declaratory Judgment action should do so, and the Court will **HOLD IN ABEYANCE** Medicus' Motion for Entry of Default and Default Judgment against Defendant John Pellegrini, D.O. ECF No. 76.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      March 16, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE