IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MEDICUS INSURANCE COMPANY,

        Plaintiff,

v.                              CIVIL ACTION NO.   3:15-6015

JOHN PELLEGRINI, D.O., et al.,

        Defendants,

v.

The ERx Group, LLC,

        Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Medicus Insurance Company's Motion to Strike Third-Party Complaint Filed by Defendants Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, Mary Simpkins, Misty Skinner, Brittany Burdette, Donna Dillard, Kathy Dillon, Camilla Ramsey, Beverly York, Stephanie Gilkerson, Amanda Ward, Erika Sturgill, Drema Bailey, Rebecca Bailey, Cathy Kennedy, and Barbara Wills (ECF No. 110) and Plaintiff Medicus Insurance Company's Motion to Strike Third-Party Complaint Filed by Defendants Cheryl Bragg, Caresta Click, Michelle Dalton, Kathy Keen, Elisha Riffe, and Billie Jo Smith. ECF No. 125. Third-Party Plaintiffs filed their Third-Party Complaints on April 7, 2016 (ECF No. 90), May 3, 2016 (ECF No. 105), and May 26, 2016 (ECF No. 117), respectively, seeking a declaration of rights under three consecutive insurance policies issued by Plaintiff Medicus to Third-Party Defendant The ERx Group, LLC. Plaintiff Medicus argues that the Third-

Party Complaints should be struck for two reasons: (1) it filed a declaratory judgment action against The ERx Group, LLC in the Eastern District of Tennessee nearly one year earlier than the Third-Party Complaints were filed here, raising the same issues, *see Medicus Insurance Co. v. The ERx Group, LLC*, 3:15-CV-205-CCS (ED Tenn. filed May 13, 2015), and (2) the Third-Party Plaintiffs improperly impleaded The ERx Group, LLC, in violation of Rule 14 of the Federal Rules of Civil Procedure. Third-Party Plaintiffs have not responded to Plaintiff Medicus' motion.

Shortly after the Third-Party Complaints were filed in this Court, the District Court for the Eastern District of Tennessee held a hearing on the insurance coverage issues pending before it. The ERx Group appeared by counsel at the hearing and defended against the action. On July 22, 2016, the district court issued a Memorandum Opinion granting Plaintiff Medicus' motion under Rule 12(c) of the Federal Rules of Civil Procedure, holding that it need not defend nor indemnify The ERx Group with respect to the underlying lawsuits. *Medicus Insurance Co. v. The ERx Group, LLC*, 3:15-CV-205-CCS, 2016 WL 3982470 (ED Tenn. July 22, 2016).

In light of these circumstances, the Court **GRANTS** Plaintiff Medicus' motions to strike. First, the Court recognizes that the declaratory judgment action brought in Tennessee was filed long before the Third-Party Plaintiffs brought their actions here, and the Court finds it appropriate to give priority to the first-filed suit. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.,* 386 F.3d 581, 594–95 (4th Cir.2004) (holding that when similar lawsuits are filed in more than one forum, the first-filed "suit should have priority absent the showing of balance of convenience in favor of the second action" (internal quotation marks and citation omitted)). Additionally and significantly, the action in Tennessee already has resolved the insurance issues

brought by the Third-Party Plaintiffs. Therefore, the Court finds no reason, and the Third-Party Plaintiffs have offered no reason, why the Third-Party Complaints should not be struck.

Accordingly, the Court **GRANTS** Plaintiff Medicus' motions and **STRIKES** the Third-Party Complaints.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 28, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE