**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MEDICUS INSURANCE COMPANY,

                    Plaintiff,

v.                                     CIVIL ACTION NO.   3:15-6015

JOHN PELLEGRINI, D.O., et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Medicus Insurance Company's Motion for Entry of Default and Default Judgment against Defendant John Pellegrini, D.O. ECF No. 76. For the following reasons, the Court **GRANTS** the motion to the extent it seeks entry of default against Defendant Pellegrini, but **DENIES WITHOUT PREJUDICE** the motion to the extent it seeks a default judgment against Defendant Pellegrini.

Plaintiff Medicus filed this declaratory judgment action against Defendant Pellegrini and others on May 8, 2015, seeking a declaration that "it is not required . . . to defend or indemnify . . . Dr. Pellegrini for the claims by patients alleging sexual harassment and sexual abuse by Dr. Pellegrini[.]" *Compl. for Decl. J.*, at ¶327, ECF No. 1. Defendant Pellegrini was served a copy of the Summons and Complaint on June 12, 2015. ECF No. 7. Defendant Pellegrini has not responded to the Complaint. Therefore, Plaintiff Medicus moves this Court to enter default and default judgment against Defendant Pellegrini pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Some of the other Defendants (specifically Jennifer Bailey, Stephanie Brown, Mary Clevenger, Amy Faulkner, Angie Simon, and Mary Simpkins) oppose the motion (hereinafter referred to as Opposing Defendants), asking this Court to postpone ruling on the motion until after a comprehensive resolution can be made in the underlying action pending in the Circuit Court of Kanawha County, West Virginia. In the alternative, Opposing Defendants request that any Order granting default judgment against Defendant Pellegrini specifically provides that they, as injured third parties, have standing to defend against Plaintiff Medicus' declaratory action and are not bound by the default judgment. Plaintiff Medicus argues, however, there is no need to postpone a ruling on the motion because an entry of default judgment against Defendant Pellegrini causes no injury to the Opposing Defendants because an injured plaintiff is not precluded from litigating an insurance coverage issue on the merits even if default judgment is entered against the insured. *See* Syl. Pt. 4, *Christian v. Sizemore*, 407 S.E.2d 715, 716 (W. Va. 1991) ("Pursuant to the doctrine of collateral estoppel, a default judgment taken by an insurer against the insured on the issue of coverage does not preclude an injured plaintiff from re-addressing the issue of insurance coverage on the merits in a declaratory judgment action against the insurer."). Moreover, Plaintiff Medicus argues that the Opposing Defendants do not have standing to contest entry of default against Defendant Pellegrini.

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, a review of the motion and of the Court's file indicates that Defendant Pellegrini has failed to answer or otherwise

defend this action in a timely manner. Accordingly, the Court **DIRECTS** the Clerk to enter a default against Defendant Pellegrini.

Upon consideration of entry of default judgment against Defendant Pellegrini under Rule 55(b)(2), however, the Court turns to the recent decision by the Honorable Joseph R. Goodwin, where he very recently addressed a nearly identical issue in *National Casualty Co. v. Mitchell*, Civ. Act. No. 2:16-cv-00576, 2016 WL 3945736 (S.D. W. Va. July 19, 2016). In *Mitchell*, an insurance company brought a declaratory judgment action against its insured and the injured plaintiffs, "seek[ing] a declaration that it is not obligated to provide coverage for the underlying incident[.]" 2016 WL 3945736, at *2. The Clerk of this Court entered default against the insured because they failed to answer or otherwise defend against the action. *Id.* at *1. The insurance company then moved for default judgment. *Id.*

As to the two insured who were properly served,[1] the Court stated it is "generally wary of entering default judgment in a suit for declaratory relief, particularly in cases involving insurance disputes." *Id.* at *2 (citation omitted). The Court expressed its concern about the impact such a judgment may have on "identical policies" and "non-policy holders." *Id.* This concern is heightened when only some of the defendants are in default and the non-defaulting defendants (as in in the case of injured parties) oppose a default judgment and want to defend the action on the merits. The Court reasoned that "[i]t would be a waste of judicial resources to carefully consider whether the requested declaration is appropriate in the default judgment context only to then

---

[1]The Court found that one of the insured was not properly served and set aside the default as to that insured. *Id.* at *1.

consider the factually and legally identical issue as defended by the [injured parties]. Such duplication of effort could also lead to potentially anomalous legal declarations on the same issues." *Id*. Therefore, the Court denied the motion for default judgment without prejudice, finding it is best to address the merits of the claims "via the adversarial process with the non-defaulting defendants." *Id*. (citing *U.S. v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982) (recognizing the courts' "manifest preference for trials on the merits").

Although Plaintiff Medicus argues in this case that the Opposing Defendants will not be harmed by the entry of a default judgment against Defendant Pellegrini, Plaintiff Medicus specifically requests in its motion that the Court declare it "does not have a duty to defend, or indemnify, the claims by Defendants, [who filed actions against Defendant Pellegrini in state court], against Defendant John Pellegrini, D.O., under the subject policy of insurance." *Pls.' Mot. for Entry of Default and Default J. against Def. John Pellegrini, D.O.*, at 2, ECF No. 76. For the reasons stated in *Mitchell*, however, this Court declines to do so at this time and denies Plaintiff Medicus' motion to the extent it requests default judgment.

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff Medicus motion for entry of default against Defendant John Pellegrini, D.O., but **DENIES WITHOUT PREJUDICE** its motion for default judgment. ECF No. 76.

-4-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        September 28, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE